HERMAN SPECHT ET AL. v. JOHN BOOKHOUT ET AL.

Decided October 21, 1896.

**1. Insolvent Corporation—Preferring Creditors—Assignment of Rents.**

The assets of an insolvent corporation which has ceased to do business constitute a trust fund for the payment of its debts and it can do no act which would, by preferring certain creditors, prevent its assets from being so applied, as by drawing drafts in favor of a creditor against a lessee of its property for rents to become due.

**2. Same—Pleading—Error Not Harmless.**

The tenant who had paid the rents to a receiver of the company could avail himself of such defense against the drafts; and it was error to sustain a demurrer to his plea setting up such defense, which was not rendered harmless by the fact that his codefendant, the receiver, was permitted to plead and introduce evidence on the same point.

APPEAL from the County Court of Wichita County. Tried below before Hon. EDGAR SCURRY.

*N. Henderson,* for appellant.—Where the officers of an insolvent, non-going corporation illegally assign to one of its creditors rents to become due to said corporation, the tenant owing said rents is not bound to respect such illegal assignments, but may rightfully pay such rents to a general receiver of said corporation thereafter appointed, at such receiver's request, and in a suit by the assignee is subrogated to all the rights, privileges and defenses of the receiver. Lyons-Thomas Hardware Company v. Perry Stove Mfg. Company, 27 S. W. Rep., 107; Horst v. Insurance Co., 73 Texas, 67; Am. & Eng. Ency. of Law, 187 and 281.

Where a mortgagor, prior to foreclosure sale, leases the mortgaged premises, and assigns the rents to become due, the assignee is entitled to all such rents which accrue up to the time of a foreclosure sale under the mortgage. Security Mortgage and Trust Co. v. Gill, 27 S. W. Rep., 837.

*Carrigan & Montgomery,* for appellees.—The court did not err in sustaining the exceptions to the plea of Herman Specht setting up the insolvency of the Lone Star Elevator Company and the fact that it had ceased to do business, because the defense could not be made available by Herman Specht, but could only be set up by the receiver of said corporation, and upon his refusal to set up the same after request, by

the creditors of said corporation. Cook on Stocks and Stockholders, sec. 740; High on Receivers, sec. 205; Morawetz on Corp., sec. 863; Lang v. Daugherty, 74 Texas, 226.

The receiver, W. C. Holland, having been made a party defendant, and having set up in his answer the same defense as is set up by Herman Specht in reference to the insolvency-and preferences, and the court having heard all the evidence on said issue, and having decided the same adversely to the receiver, the ruling on the exception of plaintiff to defendant Specht's answer setting up the insolvency becomes immaterial.

Where a mortgagor, prior to foreclosure sale, leases the mortgaged premises, assigns the rent due and to become due under the lease contract, and afterwards the mortgage is foreclosed, the mortgagee is not entitled to the rents so assigned, and which accrued before actual sale under the foreclosure proceedings. Security Mortgage & Trust Co. v. Gill, 27 S. W. Rep., 835; Willis v. Moore, 59 Texas, 628; Silberberg v. Trilling, 82 Texas, 523; 1 Jones on Liens, sec. 47; High on Receivers (2d ed.), secs. 641, 641a, 642; 1 Jones on Mort., secs. 772 and 778; Wagar v. Stone, 36 Mich., 364; Hazeltine v. Granger, 44 Mich., 503; Teal v. Walker, 111 U. S., 242; High on Rec., sec. 674; Guy v. Ide, 6 Cal., 99; White v. Griggs, 54 Iowa, 650.

The appointment of a receiver in no way changes the rights of the parties to a foreclosure suit, nor can it affect the right of third parties who have become interested in the property or in the rents thereof. The receiver's possession is the possession of the party entitled to possession under the law; and in Texas, a mortgagee is not entitled to the possession of the mortgaged property, or the rents thereof, until actual foreclosure and sale. Beach on Receivers, secs. 1, 2; Pomeroy's Equity, sec. 1336; Kerr on Receivers, 170; High on Receivers (2nd ed.), secs. 641, 641a, 642; Wagar v. Stone, 36 Mich., 364; Guy v. Ide, 6 Cal., 99; White v. Griggs, 54 Iowa, 650; 2 Jones on Mort., sec. 1522.

*Robt. E. Huff* and *Coke & Coke,* for appellant, W. C. Holland, receiver.—A mortgage duly recorded is notice to the world of the mortgagee's rights thereunder, and in such case the mortgagor can make no lease that will bind said mortgagee, and a lessee from him takes with notice of and in subordination to the mortgagee's rights, as does likewise an assignee of rent to accrue under such a lease. Rev. Stats. art. 4331; Henshaw v. Wells, 9 Humph. (Tenn.), 568; 1 Jones on Mortgages, sec. 776; 1 Pingrey on Mortgages, sec. 937.

A receiver appointed in a proceeding to foreclose a mortgage is entitled to possession of the mortgaged property pending foreclosure as against a lessee under the mortgagor, with notice of the mortgage, and such lessee must attorn to the receiver, or suffer eviction, and if he elects to attorn and remain in possession of the mortgaged premises he must pay the receiver the current rent. Gaynor v. Blewett, 82 Wis., 313;

Henshaw v. Wells, 9 Humph. (Tenn.), 568; 2 Jones on Mortgages, sec. 1536; 2 Pingrey on Mortgages, sec. 1815; High on Receivers, sec. 619.

The appointment of a receiver to take charge of mortgaged property, pending a suit to foreclose the mortgage, gives the mortgagee a lien upon and right to all rents accruing thereon thereafter, whether specifically pledged or not, and such receiver is entitled to demand and receive the same; and the mortgagor cannot evade the force of this rule by leasing said property prior to the appointment of the receiver, to one having notice of the mortgage, and assigning his right to the rent thereafter to accrue under said lease. Such attempted anticipation of rents is null and void. High on Receivers, sec. 644; 2 Pingrey on Mortgages, sec. 1795; 2 Jones on Mortgages, sec. 1536; Gaynor v. Blewett, 52 N. W. Rep., 313.

The court erred in rendering judgment in favor of plaintiffs against said defendant, Specht, in rendering judgment in favor of defendant, Specht, against this receiver, and in not rendering judgment in favor of the receiver, because the evidence showed that the money sued for was rent that had accrued for the use of the Iowa Park Elevator, of the Lone Star Elevator Company, a corporation, against said defendant, Specht, as lessee, for the months of February, March, April, May and June, 1894; that at the time said company drew the drafts sued on in favor of plaintiffs on said Specht assigning said rent, said company had other creditors whose demands were due and unpaid, and was insolvent, and was not prosecuting its business bona fide and with the prospect and expectation of continuing to do so, and was a non-going concern, and the assigning of said rents to plaintiffs, creditors of said corporation, was an attempted preference of them. Hardware Co. v. Mfg. Co. 27 S. W. Rep., 107; Corey v. Wadsworth, 38 Am. & Eng. Corp. Cases, 171.

KEY, ASSOCIATE JUSTICE.—Appellees concede the correctness of the following statement of the nature and result of this suit, given by appellant W. C. Holland:

Appellees, John Bookout and Lauch McLaurin, brought this suit in the County Court of Wichita County, Texas, April 6, 1894, against Herman Specht, on three drafts drawn by the Lone Star Elevator Company on said Specht, November 10, 1893, all payable to appellees, for $75 each, and due on the 1st days of February, March and April, 1894, respectively, all of which, it was alleged, said Specht accepted.

Specht answered and set up that he had theretofore, and prior to November 10, 1893, leased the elevator at Iowa Park, Wichita County, belonging to said elevator company, and had promised to pay as rent for same $75 on the first days of February, March and April, 1894, and that the drafts sued on by appellees were drawn on said rents; that on November 17, 1893, all the property of said company was put in the hands of W. C. Holland, as receiver, by the Circuit Court of the United States for the Northern District of Texas, and that said Holland at once

qualified and took charge of said property and demanded the rent for said Iowa Park elevator for the months above named, and that he had paid him the same. Said Specht asked that said receiver be made party defendant, and that he have judgment over against him for all moneys paid, as aforesaid, in event of recovery against him by appellees. Said Holland was thereupon made a party.

On September 1, 1894, appellees filed an amended petition, in which they made said receiver party, and asked judgment against Specht upon the aforesaid drafts, and two others of like import, payable May 1, and June 1, 1894, which had meantime matured. They further pleaded that if said Specht had not accepted said drafts, they had operated an assignment in equity of said rents, as each draft was specifically drawn on rent for said elevator for the month on the first day of which it was made payable.

To the action on said five drafts said Specht by amended answer pleaded substantially the same matter theretofore pleaded with refer-ence to the three first sued on, with the additional allegation that said Lone Star Elevator Company was an insolvent, "non-going" corporation when said drafts were drawn, and that the drawing and delivery of same to appellees was an attempted preference of them as creditors by said company.

Said receiver answered that he was appointed receiver of all the property of said Lone Star Elevator Company, November 17, 1893, by said Circuit Court in the suit of Arbuckle Brothers against said company, filed in said court November 10, 1893, to foreclose a mortgage on said property duly executed by said company and recorded in March, 1892; that on same day he qualified and took charge as receiver; that he demanded rent for said Iowa Park elevator from Specht under the aforesaid lease, and that he attorned to and paid him rent up to May 1, 1894, but refused to pay further; that said Specht occupied and used said leased premises until and including June 30, 1894; that said elevator company could not anticipate the rents to accrue on said mortgaged property by assignment, as it was attempted to do, and that said company, at the time of the drawing of said drafts was an insolvent, "non-going" corporation, and that the giving of said drafts was an attempted preference of appellees, its creditors.

Appellees, by supplemental petition, demurred generally to the answers of said Specht and said receiver, and denied the allegations of same, and specially excepted to all that portion of said Specht's answer setting up the insolvency of said elevator company.

Said cause was tried by the court without a jury on December 19, 1894. The exception of appellees to so much of said Specht's answer as pleaded the insolvency of said elevator company was sustained, and judgment was rendered for appellees against said Specht for the full amount sued for, and in favor of said Specht over against said receiver for the rent collected by said receiver for the months of February, March and April. Both Specht and Holland have appealed.

*Opinion.*—We reverse and remand this cause because, in our opinion, the court erred, as complained in the first assignment of appellant Herman Specht, in sustaining appellees' exception to so much of Specht's amended answer as alleged the insolvency of the Lone Star Elevator Company. Though denominated by appellees a special exception, it was general in terms, and was in legal effect a general demurrer. In form the pleading excepted to was good as against a general demurrer.

It is now the settled law in this State that the assets of an insolvent private corporation which has ceased to carry on its business constitute a trust fund for the payment of its debts; and that a corporation in such condition can do no act that would prevent its assets from being so applied. Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 86 Texas, 143.

This doctrine is not disputed by appellees' counsel, but the contention seems to be, (1) that Specht not being a creditor of the Lone Star Elevator Company, the alleged insolvent corporation, he cannot invoke the rule referred to; and (2) that his coappellant, Holland, was allowed to and did plead the same defensive matter, and therefore appellant Specht is not injured.

Specht might have declined paying the rent to either appellees or the receiver of the corporation until their conflicting claims were adjudicated; but he also had the right, at his peril, to elect to whom to pay it; and if he elected the one to whom the law would have awarded it had he impleaded them before payment, he is not liable to the other. Nor is the error complained of cured by the fact that Holland, a codefendant, pleaded the same defense without objection. Specht had no right to offer testimony under a plea made by his codefendant, and it would not be just to limit his right in this regard to such proof as his codefendant might see proper to make. He had the right to interpose his own defense and to decide for himself what evidence he would offer in support thereof.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*